IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID CAREY,

       Plaintiff,                                    03cv1772

v.                                               **Electronically Filed**

DABSCO EQUIPMENT, INC.
NAKATA ENGINEERING CO., LTD.

       Defendants.

## Memorandum Opinion

**March 6, 2006**

      This is a products liability action. On October 9, 2003, plaintiff, David Carey, commenced a civil action in the Court of Common Pleas of Allegheny County naming as defendants Nakata Engineering, Co. Ltd ("Nakata"), a Japanese corporation, and Dabsco Equipment, Inc. ("Dabsco"). This case was removed to this Court on November 18, 2003, and plaintiff filed an amended complaint on December 11, 2003. On April 14, 2004, plaintiff filed a return of service on Nakata evidencing service of the complaint on February 25, 2004. On July 13, 2005, upon motion of plaintiff, United States Magistrate Judge Ila Jean Sensenich entered an order of default against Nakata for its failure to plead or otherwise defend this action. Nakata was duly served with the complaint, yet it has not filed any responsive pleading, nor has it participated in this case in any way.

      This action is now before this Court for a determination of damages on the default judgment against Nakata.[1] In addition to sending notice of the Court's orders regarding consideration of damages on default via-certified mail to the address listed in the pleadings for

---

[1] On September 28, 2005, plaintiff reached a settlement with defendant Dabsco, and is no longer a party to this action.

Nakata, this Court also ordered plaintiff to attempt service of the orders on Nakata and to file an affidavit of service or attempted service.

A consequence of an entry of default judgment is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I., Inc. v. Corbin*, 908 F.2d 1142 (3d Cir. 1990) *quoting* 10 C. Wright, A. Miller & Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983).

According to Fed. R. Civ. P. 55(b), if the damages are not for a sum certain, a district court may "conduct hearings or order such references as it deems necessary and proper." Fed. R. Civ. P. 55(b)(2).

The factual allegations of the amended complaint, which have been accepted as true, state that on May 1, 2002, plaintiff was operating, in the scope of his employment, a Kobe Uni-Drive Two Horizontal Mixing Mill, which was manufactured by Nakata, when his left hand and wrist were pulled into the mixing rolls and were crushed. Plaintiff alleged three causes of action against Nakata: negligence, strict liability, and breach of warranty. According to the amended complaint, Nakata is responsible for the economic and non-economic injuries suffered by plaintiff, whose left hand and a portion of his left arm had to be amputated.

In support of his request for damages, this Court ordered plaintiff to file a motion for summary judgment setting forth documentary evidence for the Court to make an assessment on damages, and this Court conducted a damages trial on March 2, 2006. Again, despite having notice of such, Nakata failed to appear. Plaintiff has provided this Court with numerous exhibits detailing his economic and non-economic damages, including: (1) an expert report by a Rehabilitation Medical Case Manager, who developed a life care plan for plaintiff; (2) an

economic loss evaluation from Forensic Human Resources, which details plaintiff lost past and future earnings as a result of his injuries (and an itemized chart by plaintiff setting for the total life care plan calculations); (3) documentation of plaintiff's medical expenses as a result of his injuries; (4) photographs of plaintiff showing that his left hand and wrist were amputated below the elbow; (5) photographs of the subject mixing mill; (6) deposition transcripts of both plaintiff and his mother regarding plaintiff's claims for non-economic damages including pain and suffering; and, (7) evidence of a verdicts involving factually analoguous cases, including one in Philadelphia County in which the jury awarded $2,726,665 in damages, $2 million of which was delineated for pain and suffering.

Nakata has offered no evidence in this matter.

The Court has reviewed the documentary evidence submitted, and has considered the live testimony of plaintiff and his mother at a hearing on March 2, 2006, and finds that the injuries plaintiff has endured and will continue to endure are horrific. Due to the loss of his hand, plaintiff has and will continue to suffer economic damages for past and future wages. According to the expert report, plaintiff has total lost wages of $25,384 coupled with a loss of future earnings capacity of $322,987, resulting in total lost income of $348,372.00.

Further, plaintiff's past medical bills amount to $42,320.85, and according to his life care plan, based upon plaintiff's life expectancy, plaintiff will be required to expend $512,728.31 for assisted care, manual hook prosthesis, myoelectric prosthesis, occupation therapy, medical follow-ups, pain injections and modifications to his home.

Based upon the documentary evidence submitted by plaintiff in support of his claim for economic damages, and his own live testimony, this Court will award $348,372.00 in lost income

and another $512,728.31 for future maintenance/rehabilitation for a total of $861,100.31 in economic damages (see Plaintiff's Exhibit 11-13).  The Court will also award $42,320.85 as compensation for past medical bills.  The total of said damages is $903,421.16.

 As for plaintiff's claims for pain and suffering, inconvenience, embarrassment, mental anguish, emotional and psychological trauma and for disfigurement, this Court was guided by plaintiff's explanation of the pain he has endured.  Additionally, this Court considered the jury verdict in Philadelphia County, which was submitted as an exhibit to plaintiff's motion for summary judgment.  As rehearsed, the jury in Philadelphia County awarded plaintiff $2 million in damages for pain and suffering, and the facts in that case were similar to the case at bar.

 In this case, the Court will award plaintiff $1.2 million in compensatory damages for the pain and suffering plaintiff has endured, and will continue to endure.  The Court was particularly moved by the excruciating pain plaintiff endured at the time of the accident, and the fact that plaintiff has been unable to effectively use the prosthetic hand with which he was fitted because it did not fit properly.  The Court also notes that plaintiff, who is a single father raising his three year old daughter and five year old son, is no longer able to fix his daughter's hair or play ball with his son.  There is no question that plaintiff has tolerated and will continue to endure great inconvenience, embarrassment, mental anguish, and psychological trauma as a result of his injuries from this defective product.  His deposition testimony, his mother's deposition testimony and their testimony at the trial details the physical and emotional damages plaintiff has suffered, and although the Court recognizes that no amount of money can restore him to what he was and had before the accident, his damages for pain and suffering should reflect his injuries.

Accordingly, for the reasons set forth hereinabove, plaintiff's claim for damages is hereby granted and damages will be entered in the amount of $2,103,421.16. An appropriate order follows.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All counsel of record as listed below

Avrum Levicoff, Esquire
Levicoff, Silko & Deemer
Centre City Tower
650 Smithfield Street
Suite 1900
Pittsburgh, PA 15222-3911

Peter D. Friday, Esquire
Woomer & Friday, LLP
3220 West Liberty Avenue
Suite 200
Pittsburgh, PA 15216

Nakata Engineering Co. Ltd.
619, Kandle-cho, Minam 1, Nishu-Ku
Kobe 652 Japan

Nicole E. Bazzy, Esquire
Burns, White & Hickton
106 Isabella Street
Four Northshore Center
Pittsburgh, PA 15212-3001

Elizabeth E. Deemer , Esquire
Levicoff, Silko & Deemer
Centre City Tower
650 Smithfield Street, Suite 1900
Pittsburgh, PA 15222-3911